UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTICE LOHNER,<br>　　　　Petitioner,<br>　v.<br>PEOPLE OF THE STATE OF CALIFORNIA,<br>　　　　Respondent.　　　　　　　／ | No. C 06-7670 SI (pr)<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Martice Lohner, an inmate at the California Correctional Center in Susanville, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Lohner states in his petition that he was convicted in Sonoma County Superior Court of multiple counts of robbery and burglary. He alleges that he was sentenced on October 17, 2002 to a term of 9 years in prison. He apparently appealed unsuccessfully and filed state habeas petitions before filing this action.

**DISCUSSION**

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts five claims. First, Lohner alleges that he was denied his right to an impartial jury because two jurors badgered at least one other juror to convict; "[t]heir conduct displays bias, prejudicial and 'hostile' tactics." Petition attachment, p. 2 (errors in source). Liberally construed, the allegations state a cognizable Sixth Amendment claim.

Second, Lohner alleges that the evidence was insufficient to support the convictions for (a) robbery of victim Soto, id. at 5, (b) attempted theft from victim Espinoza, id. at 6, (c) robbery of victim Jessica Guidi, id. at 7, (d) robbery of victim Anthony, id. at 9, (e) robbery of Austin Meyers, id. at 11, and (f) all convictions connected to the Guidi residence, id. at 12. Liberally construed, these insufficiency of the evidence allegations state a cognizable due process claim. See In re. Winship, 397 U.S. 358 (1970).

Third, Lohner alleges that the trial court erred by declining to give jury instructions requested by the defense. Liberally construed, the allegations present a cognizable due process claim for jury instruction error.

Fourth, Lohner alleges that the prosecutor engaged in misconduct during opening statement and closing argument. Liberally construed, the allegations state a claim for a due process violation based on prosecutorial misconduct.

1   Fifth, Lohner alleges that he received ineffective assistance of trial counsel. Liberally
2   construed, the allegations present a cognizable claim for a Sixth Amendment violation.

3   The court has identified the federal constitutional claim suggested by the allegations in
4   the petition, although Lohner often does not specify the federal constitutional basis for his
5   claims. For example, he states that he received ineffective assistance of counsel, but does not
6   identify the Sixth Amendment as the federal constitutional basis for his claim. The court has
7   identified the federal constitutional basis for ease of reference , but does not preclude respondent
8   from arguing that state court remedies have not been exhausted if such a problem exists.

B.   A Proper Respondent Must Be Named

The respondent in a habeas action is "the state officer having custody of the applicant" if the applicant is in custody. Rule 2 of the Rules Governing Section 2254 Cases. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Rule 2, advisory committee's notes. Cf. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Failure to name a petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Lohner identifies the respondent as "People of The State Of California" as the respondent, notwithstanding the directions on page 2 of the form petition that the State should not be named as respondent and the warden usually is the correct respondent. Lohner must amend to substitute in the warden of his prison as the proper respondent.

**CONCLUSION**

For the foregoing reasons,

1.   The petition states cognizable claims for habeas relief and warrants a response.

2.   The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 7, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **October 12, 2007**.

5. Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee. (Docket # 2.)

6. Petitioner must file an amendment to his petition for writ of habeas corpus to name the proper respondent. The document should have the case name and complete case number used on this order, should be labeled "Amendment To Petition," and need merely state "Petitioner files this amendment to his petition for writ of habeas corpus to substitute [insert name here] as the respondent in this action." In the place indicated, petitioner should provide the name of the warden of his prison. Petitioner must sign and file his amendment no later than **July 27, 2007**. Failure to file the amendment by the deadline will result in the dismissal of this action for lack of jurisdiction.

7. Lohner has sent several documents to the court that do not have the case name and number on them. Lohner must write the case name and case number on the first page of every document he sends to the court.

IT IS SO ORDERED.

DATED: June 28, 2007

_____
SUSAN ILLSTON
United States District Judge