UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTICE D. LOHNER,

    Petitioner,

v.

KATHLEEN PROSPER, warden,

    Respondent.
                               /

No. C 06-7670 SI (pr)

**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 Sonoma County Superior Court convictions for robbery and burglary. Respondent has moved to dismiss on the ground that state court remedies had not been exhausted as to three of the five claims in the petition, i.e., that petitioner had not exhausted Claim 2 (i.e., the evidence was insufficient to support the convictions), Claim 3 (i.e., the failure to give defendant's requested jury instruction violated due process), and Claim 4 (i.e., the prosecutor engaged in misconduct). In response to the motion, petitioner has conceded non-exhaustion and has moved for a stay so that he may exhaust state court remedies as to these three unexhausted claims. Accordingly, respondent's motion to dismiss is GRANTED in part. (Docket # 19.)

Petitioner has filed a request for a stay and a request for information about his request for a stay that the court construes as part of the request for a stay. The request for a stay is GRANTED. (Docket # 20, # 21.) Although the assertions in the request are extremely short on factual detail, petitioner's assertions – that he did not know that he was responsible for raising issues in the Supreme Court and that he has already filed his petition in the California Supreme

Court to exhaust the claims and is now waiting for a response to that petition – will be liberally construed and, with such construction, suffice to meet the requirements for a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and proceed with consideration of his habeas petition. When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If petitioner does not return within thirty days of exhausting the unexhausted claim, the action or the unexhausted claim may be dismissed. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003). Petitioner also must exercise continuous diligence during the exhaustion process in the state courts. Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings. See Rhines, 544 U.S. at 278.

IT IS SO ORDERED.

DATED: May 8, 2008

_____
SUSAN ILLSTON
United States District Judge